IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

———————————————

Magenav, Inc.

       Plaintiff,

  -against-                        Case No. 1:21-cv-01742

Sevensellers, Inc. d/b/a Mega
Deals and Savings,

Sevenshopper, Inc.

       Defendant

———————————————

DEFENDANT SEVENSHOPPER, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR AN ORDER DISMISSING OR TRANSFERRING THIS
CASE PURSUANT TO F.R.C.P. RULES 12 AND 56 OR DIRECTING PLAINTIFF TO
STATE MORE DEFINITE CAUSES OF ACTION

INTRODUCTION

This Memorandum of Law is submitted in support of Defendant Sevenshopper, Inc.'s ("Movant") pre-Answer Motion for an Order dismissing Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3) and/or 12(b)(6), granting Plaintiff Summary Judgment pursuant to Fed. R. Civ. P. 56, transferring it to the United States District Court for the Eastern District of New York, directing Plaintiff to more definitively state its causes of action and granting Movant all other appropriate relief.

PARTIES

Plaintiff is a corporation organized and existing under the laws of the state of New York with a principal place of business at 141-02 68th Drive, Flushing, New York.[1] Movant is a corporation organized and existing under the laws of Delaware with a principal place of business at 4 Germany Drive, Wilmington, Delaware that does business as Mega Deals and Savings.[2] Throughout the Amended Complaint, Plaintiff repeatedly refers to "the Counterfeiting Defendants". However, Movant has no knowledge of these entities or its only named Co-Defendant is "Sevensellers, Inc. dba Mega Deals and Savings".[3]

FACTS

Movant owns and operates the amazon.com merchant seller account "Mega Deals and Savings" and has neither any relation to, nor knowledge of its Co-Defendant Sevensellers, Inc. This Motion is brought by, and all references herein to Movant refer solely to Sevenshopper, Inc. which owns the U.S. Trademark Reg. No. 5,922,802 for the mark "Nestforia".[4]

---

[1] Dkt 7-First Amended Complaint
[2] Id.
[3] See Exhibit A-Movant's Declaration.
[4] See Exhibit B-Movant's Trademark Registration.

Both parties list and sell items on internet sales platforms: Plaintiff on its own website and Movant on amazon.com.[5] Among the many products offered for sale by Movant is a "hand free" sanitary tool that allows users to open doors and perform other day to day activities without touching surfaces in public places.[6] Movant's listing for the product in question reads "Nestforia Hygiene Hand Free Door Opener Non-contact No touch Keychain-Hands Free Keys No-Touch Door Opener Button Pusher Tools for Home Outdoor 5 pcs".[7]

Plaintiff purports to own U.S. Trademark Reg. No. 6,230,050 for the mark "HYGIENE HAND" and has brought this action claiming, *inter alia*, Defendant is directly and contributorily liable for infringement of that mark.[8] However, Plaintiff's Trademark registration specifically excludes the use of the word "HYGIENE" in any setting than the descriptive phrase that makes up the protected Mark.

Throughout the Amended Complaint, Plaintiff refers to "the Counterfeiting Defendants" but they are not named in this matter. Movant's principles have no knowledge of any of these "Counterfeiting Defendants" or its Co-Defendant. Nor does Movant have any relationship, nor has it ever done any business with them. It is not a part of any group, association or "cabal" with its Co-Defendant or any of the "Counterfeiting Defendants".

<u>This matter should be dismissed for lack of personal jurisdiction over Movant</u>

Since it is a citizen of Delaware, Movant cannot be said to be "at home" in Illinois, much less this District. Moreover, its only discernible, relevant contact with Illinois is the sale of a single product into Illinois via a public website which is insufficient to establish the "continuous and systematic" contacts necessary to confer general jurisdiction.

---

[5] Dkt 7
[6] See Exhibit C-Movant's Amazon Listing
[7] Id.
[8] Dkt 7-Exhibit 1.

So, for the Court to exercise personal jurisdiction it must be specific. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014). *Tamburo v. Dworkin*, 601 F.3d. 693; *Hoffman v. Barnes*, No. 12 C 31 (N.D. Ill. Mar. 26, 2012).

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities. *Tamburo*, supra citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Here, neither of these requirements is met.

For a defendant accused of intentional torts a finding of personal jurisdiction requires: "(1) intentional conduct (or "intentional and allegedly tortious conduct"); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt – that is, the plaintiff would be injured in the forum state." *Tamburo*, supra at 703.

Here, even if the Court were to determine Plaintiff has sufficiently pleaded the first of these requirements, there is simply no basis to conclude from the Complaint that Movant intentionally targeted customers in Illinoi. Nor that it knew its actions would or even could, harm Plaintiff in Illinois. Most likely because Plaintiff is a citizen of New York, with no physical presence or other relation to Illinois, so it is patently impossible for it to have been harmed there and because the only relevant sale of a product by Movant appears to be a straw purchase by its attorneys.[9]

For the Court to exercise specific jurisdiction over a defendant, Plaintiff's claims must arise out of Movant's contacts with Illinois. "Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into

---

[9] See Exhibit A-Movant's Declaration.

court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is "interactive."" *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010). Here, Plaintiff is simply forum shopping, as Movant's only contact with Illinois is it's operation of its amazon.com storefront i.e. the exact type of "interactive website" the Seventh Circuit rejected as an insufficient basis for personal jurisdiction. Accordingly, the matter should be dismissed because this Court doesn't have personal jurisdiction over Movant.

This matter should be dismissed because venue is improper

Venue in this District is patently improper. Movant has neither a physical presence nor any other connection to the State of Illinois or this District nor, upon information, and belief does Plaintiff, Co-Defendant or the Counterfeiting Defendants. Although that is difficult to discern because Plaintiff's allegations against the Co-Defendant and the Counterfeiting Defendants are by its own admission purely speculative. Plaintiff literally admits that it doesn't even know where any of these entities are domiciled, much less anything they've done that can support any of its causes of action.

Movant has not specifically targeted Illinois other than making its products available for purchase by residents of Illinois, and the rest of the world, on amazon.com. Based upon the allegations in its Amended Complaint, the same is true for Plaintiff except it operates its own website instead of selling on amazon.com.[10] Given that Plaintiff is domiciled in and a citizen of New York, Movant is the same in Delaware and that there is no information available as to the domicile of Co-Defendant or the Counterfeiting Defendants, it's clear that Plaintiff is blatantly forum shopping by laying venue in this District. It should not be allowed to do so.

Venue is proper in:

---

[10] Dkt 7.

court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is "interactive."" *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010). Here, Plaintiff is simply forum shopping, as Movant's only contact with Illinois is it's operation of its amazon.com storefront i.e. the exact type of "interactive website" the Seventh Circuit rejected as an insufficient basis for personal jurisdiction. Accordingly, the matter should be dismissed because this Court doesn't have personal jurisdiction over Movant.

<u>This matter should be dismissed because venue is improper</u>

Venue in this District is patently improper. Movant has neither a physical presence nor any other connection to the State of Illinois or this District nor, upon information, and belief does Plaintiff, Co-Defendant or the Counterfeiting Defendants. Although that is difficult to discern because Plaintiff's allegations against the Co-Defendant and the Counterfeiting Defendants are by its own admission purely speculative. Plaintiff literally admits that it doesn't even know where any of these entities are domiciled, much less anything they've done that can support any of its causes of action.

Movant has not specifically targeted Illinois other than making its products available for purchase by residents of Illinois, and the rest of the world, on amazon.com. Based upon the allegations in its Amended Complaint, the same is true for Plaintiff except it operates its own website instead of selling on amazon.com.[10] Given that Plaintiff is domiciled in and a citizen of New York, Movant is the same in Delaware and that there is no information available as to the domicile of Co-Defendant or the Counterfeiting Defendants, it's clear that Plaintiff is blatantly forum shopping by laying venue in this District. It should not be allowed to do so.

Venue is proper in:

---

[10] Dkt 7.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Under Illinois law, a tort claim generally accrues where the plaintiff suffers injury. *Robinson v. McNeil Consumer Healthcare,* 615 F.3d 861, 866 (7th Cir. 2010). Here, the plaintiff is a citizen and domiciled in the Eastern District of New York, so any harm done to Plaintiff was done there. As for Movant, of the few of the subject products sold by Movant, precisely one was sold to a customer in Illinois in what is believed to be a "test buy" conducted by Plaintiff's counsel. So, there has been no actual harm done to any party in Illinois nor has Movant targeted the sale of the subject product into Illinois.[11]

28 U.S.C. §1391(b)(2) is the applicable federal standard and it syncs with Illinois law. Therefore, even taking Plaintiff's allegations relating to venue as true, the analysis of the relevant factors under the appropriate authorities makes it clear that the case should be dismissed because venue is improper in this District. Even if the Court should conclude that venue is proper here, the case should still be transferred.

Even where venue is proper, the Court may, in its discretion, transfer the case to another district if: "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice." *Hanover Ins. Co. v. N Bldg. Co.,* 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012) (citation omitted); 28 U.S.C. § 1404(a).

---

[11] See Exhibit A-Movant's Declaration.

Venue is also appropriate in New York under the same subsection. Defendants operate their Amazon storefront from New York which is where any alleged harm to them was sustained. Therefore, a substantial part of the events giving rise to Plaintiff's claims occurred in New York. The remaining factors also cut in favor of transfer.

Convenience

> "In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Kjaer Weis v. Kimsaprincess Inc.,* 296 F. Supp. 3d 926,930 (N.D. Ill. 2017) (internal quotations and citation omitted).

Defendants "ha[ve] the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). Considering the five factors together, Movant has met its burden.

A plaintiff entity is deemed to reside where it maintains its principal place of business. 28 U.S.C. § 1391(c)(2). Here, Plaintiff is incorporated in and maintains its principal place of business in New York, so factor one weighs in favor of transfer.

As discussed earlier, according to Plaintiff, the material events giving rise to its claims occurred in New York because that's where Plaintiff is located. Therefore, the potential evidence is all located in New York and Delaware (and possibly Washington where Amazon is headquartered). Movant and its potential witnesses are located in Delaware, and Plaintiff and its potential witnesses are located in New York. Given the difference in proximity between Delaware and New York versus that between Delaware

and Illinois, to say nothing of Washington its clear venue in Illinois is far less preferable to New York.

Interests of Justice

"In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3)the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Hanover Ins. Co.,* 891 F.Supp.2d at 1025 (citation omitted).

The first factor tends to support transfer, but only slightly. While an average judge in the Northern District of Illinois has fewer pending cases than in the Eastern District of New York, the two districts are comparable in the time it takes civil cases to proceed to trial and cases in the Eastern District of New York average a shorter time between filing and disposition. *See* Federal Court Management Statistics at www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2020/09/30-1 (reporting that for a twelve-month period ending on September 30, 2020 an average judge in the Northern District of Illinois had 714 pending cases, while judges in the Eastern District of New York had an average of 809 pending cases and that the median time for civil cases to proceed from filing to trial or disposition was 39.3 and 10.6 months in the Northern District of Illinois versus 8.6 months in the Eastern District of New York). Based on these and the remaining factors transfer is appropriate if the case is not dismissed outright.

<u>The case should be dismissed pursuant to Fed. R. Civ. P. §12(b)(6) or §56</u>

Plaintiff's complaint fails to state a cause of action under State or Federal Law:

Perhaps the best indication that Plaintiff is unable to sufficiently plead any cause of action is the length to which it has gone to obfuscate and confuse the reader of its complaint as to

what Movant has done and what rights of Plaintiff's it has infringed and how. The closest Movant comes to alleging an actual cause of action against Plaintiff is its contention that Movant somehow infringed on its registered word mark "Hygiene Hand" and even that claim is difficult to discern.

That word mark, "Hygiene Hand", is the only intellectual property for any claim that Plaintiff claims to own but throughout the complaint it claims that Movant is directly and vicariously liable for the sale and marketing of "counterfeit products", "unauthorized products", "asserted products", "genuine asserted products" and "genuine asserted mark products" the last two of which are essentially meaningless as they don't appear in a single reported Federal District Court or Illinois State Court case. The reason for this is simple: the only remotely relevant action by Movant is their use of the words "hygiene" and "hand" consecutively in the listing for its product, which itself has no markings of any kind on it.[12]

However, Plaintiff's right to the word mark "Hygiene Hand" specifically excludes the use of those terms individually which is how Movant used them. So, instead of a straight-forward allegation of infringement, Plaintiff briefly mentions their trademark and then repeatedly offers bare, unsupported and purely speculative claims that Movant conspired and colluded and was even a member of a "cabal" with its Co-Defendant and/or the Counterfeiting Defendants.

While Plaintiff repeatedly refers to the nefarious acts of this "cabal" it never gets around to offering any substantive representation as to how it worked. In fact, it offers no factual examples or allegations for any claim sufficient to meet the requirements of Rule 12(b)(6) probably because by its own admission, Plaintiff has no substantive knowledge of the Co-Defendant or Counterfeiting Defendants. So, its bare, unsupported claims that Movant conspired

---

[12] See Exhibit A-Movant's Declaration and Exhibit C-Product Listing.

with and induced the other Defendants to sell infringing products are insufficient as they are not supported by any example or description, no matter how vague, of how they have done so. Plaintiff hasn't alleged any way in which Defendants and Counterfeiting Defendants have infringed their word mark nor has it identified any other intellectual property much less how Defendants infringed on it.

A complaint must contain allegations from which a trier of fact may reasonably infer evidence as to necessary elements of proof available for trial to avoid dismissal. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25F.3d 417* (7th Cir.1994).

The complaint must contain enough facts to state a claim to relief that is plausible on its face…A claim has facial plausibility when [it] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Eiler Aviation Consultants, Inc. v. PDX VFR, LLC*, 2:11-cv-332-WTL-DKL (S.D. Ind. 2012) *citing Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599 (7th Cir. 2009).

Here, Plaintiff just repeats the same bare, unsupported claims in slightly different ways conflating the alleged infringement of its trademark (Hygiene Hand) with the sale of "genuine asserted products", whatever they might be. Plaintiff also repeatedly avers that Movant has provided "counterfeit products" to the other Defendants or induced those Defendants to sell them, implying without ever actually saying that these allegedly products bear the protected mark or any other way they are "counterfeit". Nor are any images of the allegedly infringing products attached to the complaint despite their ready availability.

Movant did spend the time and energy to append the same white paper on international counterfeiting that seems to be part of every third complaint filed in this District, but images of the allegedly infringing products are conspicuous by their absence. The reason for that becomes

clear when one reviews the actual images of the product on Movant's amazon storefront because the products have no markings on them at all.[13] This alone renders Plaintiff's compliant insufficient to state a cause of action, since all of its claims hinge on the product's appearance.

The insufficiency of Movant's pleadings is clearly conveyed by its repeated attempt to imply that it has some protected interest in the appearance and design of the products sold by Movant.

As noted above, the only intellectual property allegedly owned by Plaintiff is the generic, at best descriptive, word mark Hygiene Hand. It has alleged owning neither a trademark nor a patent relating to the appearance or design of the subject product. In fact, the product is essentially identical to that offered and sold by dozens or even hundreds of other internet sellers. That is why Plaintiff does everything it can to conflate its claims that its intellectual property rights have been infringed, with its repeated, deceitful and misleading implications that these rights somehow relate to the appearance and/or design of the product instead of the "Hygiene Hand" word mark.

Since Plaintiff doesn't actually claim, as opposed to implying, that it owns any relevant intellectual property other than that mark, it makes sense that it can't offer any substantive allegations that support either the direct or vicarious infringement claims. Even if it had claimed in its complaint that Movant infringed on its protected word mark, it would be insufficient to survive this motion.

While Plaintiff may own the mark "Hygiene Hand" it owns no rights to either word used individually which is how Movant used them in its product listing: "Nestforia Hygiene Hand

---

[13] See Exhibit C-Product Listing.

Free Door Opener Non-contact No touch Keychain-Hands Free Keys No-Touch Door Opener Button Pusher Tools for Home Outdoor 5 pcs". [14]

As Movant's CEO avers in the attached declaration and, as common sense and basic reading comprehension dictate, the word "hygiene" is used independently in that product listing, not in conjunction with "hand" to make the protected phrase.[15] In order to believe otherwise, the reasonable consumer would have to read the listing as "Nestforia" "Hygiene Hand" "Free Door Opener". Of course, no reasonable consumer would read the listing that way because it is inherently unreasonable to believe Movant is giving away its door openers for free.

As Judge Hand held, "the ultimate question is merely one of fact: What do the buyers understand by the word for whose use the parties are contending?" *Bayer v. United Drug*, 272 F. 505 (S.D.N.Y 1921). Here, no reasonable buyer could possibly be confused by the unconnected use of the words hygiene and hand. Since the use of those words as a phrase is the only infringing or unfair business practice Plaintiff comes close to alleging, the complaint must be dismissed, no matter how much time and money Plaintiff has put into its mark.

"It…makes no difference what efforts or money [plaintiff] expended in order t persuade the public that [it's mark] means an article of [plaintiff's] manufacture…". *Dupont Cellophane Co. v. Waxed Prods. Co.*, 85 F.2d 75 (2d. Cir. 1937).

"[A] putative trademark holder must demonstrate that the primary significance in the minds of the consuming public is not the product but the producer. *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111.

Here, the complaint contains no support for Plaintiff's bare assertion, by its counsel, that the public has somehow come to associate the protected term "Hygiene Hand" is synonymous

---

[14] See Exhibit C-Product Listing.
[15] See Exhibit A-Movant's Declaration.

with Magenav, Inc. Instead, Plaintiff goes to great lengths to convince the reader of the complaint that the public has come to associate the product itself with Magenav, Inc. even though it has no rights to the design, appearance or function of the product and offers not a single allegation that its one piece of intellectual property, the word mark, is associated with Magenav, Inc. Therefore, Plaintiff has failed to state a cause of action for federal trademark infringement or a violation of the Illinois Deceptive Practices Act.

<u>Plaintiff should be ordered to make a more definite statement of its claims</u>

In the unlikely event that the Court determines the deficiencies in the complaint do not require its dismissal, Plaintiff should be directed to amend it to include a more definite statement of the various causes of action contained therein. As noted above, Plaintiff repeatedly conflated its infringement claims with references to the product itself instead of the word mark in a futile attempt to conceal the fat that it has no viable infringement claim. Plaintiff has also failed to allege any facts at all to support its claims of Plaintiff's alleged collusion with its Co-Defendant and Counterfeiting Defendants. So, if the court affords it an opportunity to pursue these claims, it should also compel Plaintiff to re-plead its claims with enough specificity to allow Defendants to respond to them.

That directive should require Plaintiff to separate the allegations against Movant from those against the other defendants or Movant will be unable to evaluate much less defend the claims it colluded with and induced those defendants to infringe Plaintiff's word mark. It should also be directed to state with specificity what aspect of the product itself it claims is protected and/or whether the word mark allegedly appears on the tools Movant allegedly sold and/or induced others to sell. As it stands, Plaintiff's allegations aren't just intentionally vague, they're intentionally misleading and even deceitful.

Upon information and belief, Plaintiff's know the only intellectual property right they own is the extremely weak word mark "Hygiene Hand" which is why they repeatedly attempt to convey the idea that they have some right inherent to the product itself as opposed to its descriptive and generic name. In doing so, they have intentionally made it impossible for Movant to respond to their allegations since they are impossible to understand. Therefore, if Plaintiff is allowed to escape dismissal of its action, it must be ordered to amend the complaint into something resembling a sufficient pleading of the facts underlying its claims and the nature of those claims.

Dated: May 14, 2021

/s/cory rosenbaum
Rosenbaum, Famularo & Segall, P.C.
138A East Park Avenue
Long Beach, New York 11561
cjr@amazonsellerslawyer.com
212.295.5814