# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAGENAV, INC.

          Plaintiff,

  -against-

SEVENSELLERS, INC. d/b/a
MEGA DEALS AND SAVINGS,
and SEVENSHOPPER,INC.

          Defendants.

---

DEFENDANT'S DECLARATION

Case No. 21-cv-1742

Lin Shou declares as follows:

I am the CEO and a shareholder of Defendant Sevenshopper, Inc. I declare the following to be true subject to the penalty of perjury. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness I would testify as follows:

1. I submit this Declaration in support of Sevenshopper, Inc's ("Movant") pre-Answer motion for dismissal and other relief.

2. Movant is a corporation organized and existing under the laws of Delaware that owns and operates a Merchant Storefront on amazon.com called Mega Deals and Savings through which it markets and sells various products under its registered trademark "Nestforia".

3. One of those products is a hand free sanitary device listed on amazon as the "Nestforia Hygiene Hand Free Door Opener Non-contact No touch Keychain-Hands Free Keys No-Touch Door Opener Button Pusher Tools for Home Outdoor" ("the Nestforia Key").

4. In creating the listing for that product Movant selected key words that we determined would make the listing as visible as possible to potential customers by maximizing amazon search engine optimization.

5. We chose some of the words because we expected consumers to search for them individually. These individual words include our brand name "Nestforia", "hygiene", "keys" and, "non-contact". We chose the other words in the listing because in combination they make up the terms and phrases that we expect consumers to use while searching for products of this type. These phrases include "hand free door opener", "No touch", "Hands Free", "No Touch Door Opener", "No touch Keychain" and, "Button Pusher Tools for Home Outdoor".

6. Prior to creating the listing for this product neither I nor anyone else involved in that process had any knowledge of Plaintiff's purportedly protected right to the word mark "Hygiene Hand". Nor did we intend those two words to be read as a phrase in the product listing since that would make the next phrase "free door opener" and we do not give away our door openers for free.

7. The product we sell bears no words, numbers, images or markings of any kind. Nor does its appearance or design infringe on any protected intellectual property rights. The item is a generic design identical to that available from any of dozens, if not hundreds of other sellers of similar products.

8. Movant does not own or operate any internet storefront other than the one on amazon nor do we sell the Nestforia key anywhere other than amazon. The images used on that storefront are all pictures of our products and, upon information and belief, we do not use images of Plaintiff's products in any way.

9.      Based upon my personal knowledge and investigation into the matter, neither I nor anyone else affiliated with Movant has ever heard of the Co-Defendant or any of the "Counterfeiting Defendants" listed in Exhibit 2 to Plaintiff's Complaint. Nor does Movant have any relationship to any of them. Movant has never provided any products to them, coordinated sales or marketing efforts with them, induced them to take any act or omission, or otherwise had any interaction with any of them.

10.     Movant has never received any complaints nor have any customers attempted to return the product in question nor complained to us, nor have we ever learned from any source that anyone has been confused into believing they were purchasing Plaintiff' product and received ours instead. Other than the use of the two descriptive, generic words "hygiene" and "hand" there is nothing on the listing, packaging or the product itself that could lead a reasonable consumer to believe we or our products have any relationship to Plaintiff. The product doesn't even have our company or brand name on it, much less theirs.

11.     I have reviewed the sales history for the product in question and determined that we sold precisely one item to a party in Chicago Illinois in March 2021 which I believe to have been a "test buy" by Plaintiff's counsel, not a legitimate purchaser.

Dated: May 14, 2021

/s/Lin Shou