IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Magenav, Inc., | Case No.: 21-cv-01742 |
| Plaintiff, | |
| v. | Judge: Hon. Thomas M. Durkin |
| Sevensellers, Inc. dba Mega Deals and Savings, | |
| Sevenshopper, Inc., | |
| Defendants. | Magistrate: Hon. Gabriel A. Fuentes |

**PLAINTIFF MAGENAV, INC.'S RESPONSE TO MOTION TO DISMISS**

Magenav, Inc. ("Plaintiff") hereby files this response to Defendants' Motion to Dismiss or Transfer. For the reasons set forth herein, Plaintiff respectfully requests that this Court denies Defendants' motion in its entirety.

**I.    Standard for Motion to Dismiss Under 12(b)(6)**

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A complaint satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) ("[T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as 'preponderance of the evidence' connote."); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject matter of the case to present a story that holds together."). When deciding a motion to

1

dismiss under Rule 12(b)(6), the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016).

## II. This Court Has Personal Jurisdiction Over the Defendants

Plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *See uBID, Inc. v. GoDaddy Group, Inc*. 623 F.3d 421, 423 (7th Cir. 2010); *see also, Purdue Research Found. v. Sanofi- Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) ("When determining whether a plaintiff has met his burden, jurisdictional allegations pleaded in the complaint are accepted as true unless proved otherwise by defendants' affidavits or exhibits.").

Defendants have admitted to selling an infringing article in the State of Illinois. This sale was not to Plaintiff or Plaintiff's counsel. See Declaration of Kevin Keener. Such a sale to a buyer in Illinois is sufficient to confer personal jurisdiction of this Court over the Defendants. *See Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, 2010 WL 4877708, 4 (N.D. Ill. 2010) ("To sell an infringing article to a buyer in Illinois is to commit a tort in Illinois sufficient to confer jurisdiction under the tort provision of the long-arm statute. Intellectual property infringement takes place in the state of the infringing sales ... for purposes of tort provisions of the Illinois long arm-statute."). Therefore, this Court has personal jurisdiction over the Defendants in this case.

### III. Venue is Proper in This District

Pursuant to 28 U.S.C. §1391(b)(2), "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Defendants assert that venue is more proper in New York but fail to establish any facts or evidence supporting their contention. Defendants have merely made a conclusory allegation that venue is proper in "New York" over the Northern District of Illinois. Defendants have not established which district court in New York is more proper or provided any evidence beyond these mere conclusory assertions.

In contrast, venue is proper in this district. With respect to Lanham Act claims, courts commonly consider the location of the events giving rise to the claim, where the alleged infringement occurs. *See Beveridge v. Mid-West Management, Inc.,* 78 F.Supp.2d 739, 746 (N.D.Ill.1999).

As established above, this Court has personal jurisdiction over the Defendants because the Defendants have marketed and sold an item under the HYGIENE HAND trademark within the State of Illinois. Plaintiff has alleged that Defendants' sale of items under the HYGIENE HAND trademark in the State of Illinois infringes Plaintiff's trademark rights. Because the events giving rise to Plaintiff's claim occurred in Illinois, venue is proper in the Northern District of Illinois.

Furthermore, venue is proper in this Court because of Plaintiff's related case is before this Court under case *Magenav, Inc. v. Does 1-869*, 21-cv-1123. The defendants named in this related proceeding are the same entities which Plaintiff alleges directly infringed Plaintiff's trademark, and by whom Defendants contributorily infringed Plaintiff's trademark. The defendants in the related case advertised and sold products infringing Plaintiff's HYGIENE

3

HAND trademark into this district. Therefore, a substantial part of the events giving rise to Plaintiff's claim of contributory trademark infringement have occurred in this venue. Further, the Court's familiarity with the related proceeding assists to make this venue proper in that judicial resources can be conserved by maintaining venue within the Northern District of Illinois.

For these reasons, venue is proper in the Northern District of Illinois.

## IV. Plaintiff Has Stated a Cause of Action Against Defendants

### A. Summary Judgment is not proper at this time

Defendants have moved the Court for dismissal under Rule 56. Plaintiff asserts that Summary Judgment at this stage is improper. Defendants have not yet filed an answer in this proceeding and discovery has yet to commence. In the event that the Court believes Summary Judgment is proper at this stage of the proceeding, Plaintiff requests that the Court permit Plaintiff to proceed to discovery under Rule 56(e)(1) so that Plaintiff may properly discover evidence to refute Defendants' assertions.

### B. Plaintiff has properly asserted a claim of counterfeiting and unfair competition under the Lanham Act

Plaintiff has properly asserted claims of counterfeiting and unfair competition under the Lanham Act. In order to state a claim under either section of the Lanham Act, a Plaintiff must plead that (1) its mark is protectable, and (2) Defendants' use of the mark is likely to cause confusion among consumers. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir.2001). At the motion to dismiss stage, "Plaintiffs need not prove either defendants' use or likelihood of confusion ... — both are questions of fact to be determined at a later stage." *Papa John's Intern., Inc. v. Rezko*, 446 F.Supp.2d 801, 807-08 (N.D.Ill.2006).

Plaintiff has properly asserted a cause of action under the Lanham Act. Plaintiff has asserted that it owns the protected mark to HYGIENE HAND which is protected under U.S. Trademark Registration No. 6,230,050 which is attached as Exhibit 1 to the First Amended Complaint. See Complaint ¶¶ 1, 15-24 and Exhibit 1 [Dkt No. 7-1]. Plaintiff has alleged that Defendants have used Plaintiff's HYGIENE HAND trademark in commerce in a confusingly similar manner. See Complaint ¶¶ 46-48, 58-61. Plaintiff has alleged sufficient facts against the Defendants to state a plausible cause of action for trademark infringement. See Complaint ¶¶ 4, 5, 7, 9, 27-31. Therefore, Plaintiff has properly plead a cause of action against Defendants under the Lanham Act.

### C. Plaintiff has properly asserted claims of contributory infringement against Defendants

Plaintiff has properly asserted claims of contributory trademark infringement against Defendants. To prove contributory trademark infringement, a Plaintiff must demonstrate that a Defendant (1) intentionally induced a third party to infringe a mark; or (2) supplied a product to a third party with actual or constructive knowledge that the product was being used to directly infringe the mark. *See Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982); *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1148 (7th Cir.1992); *SB Designs v. Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 911- 12 (N.D. Ill. 2004).

Relying on common law notions of the responsibilities of a licensor or landlord, the Seventh Circuit has ruled that contributory infringement encompasses liability in certain situations for people who knew of the infringement, even if they "do not actually manufacture or

distribute the good that is ultimately palmed off as made by someone else." *Hard Rock*, 955 F.2d at 1148.

Plaintiff has asserted that Defendants have contributorily infringed Plaintiff's HYGIENE HAND trademark. Plaintiff has alleged that third-parties have directly infringed Plaintiff's HYGIENE HAND trademark. See Complaint ¶¶ 43-45, 51-55. Plaintiff has asserted that Defendants intentionally induced these third-parties to infringe Plaintiff's trademark and directly supplied products to these third-parties with the actual or constructive knowledge that the products were being used to directly infringed Plaintiff's HYGIENE HAND trademark. See Complaint ¶¶ 41-45, 55-57. Therefore, Plaintiff has properly asserted a claim of contributory trademark infringement against Defendants.

### D. Plaintiff has properly asserted a claim of violation of Illinois Uniform Deceptive Trade Practices Act

Illinois courts resolve Illinois Deceptive Trade Practice claims arising out of an alleged infringement of a trademark under the same standard as the Lanham Act. *See MJ & Partners Restaurant Ltd. Partnership v. Zadikoff,* 10 F.Supp.2d 922, 929 (N.D.Ill.1998); *Spex, Inc. v. The Joy of Spex, Inc.,* 847 F.Supp. 567, 579 (N.D.Ill.1994). As established above, because Plaintiff has properly pled claims of infringement by Defendants under the Lanham Act, Plaintiff has properly alleged a claim of violation of the Illinois Uniform Deceptive Trade Practices Act.

### V. Plaintiff Has Made Clear and Concise Claims Against Defendants

Defendants have moved alternatively for a more definite statement. Defendants' motion should be denied. A motion for a more definite statement under Rule 12(e) "is intended only to clear up confusion and not to replace traditional discovery." *Direct Commc'n, Inc. v. Horizon Retail Constr., Inc.*, 387 F. Supp.2d 828, 831 (N.D. Ill. 2005). Rule 12(e) motions are generally

disfavored, and should only be granted "when the pleading is so unintelligible that the movant cannot draft a responsive pleading." *United States for Argyle Cut Stone Co., Inc., v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987).

In this case Plaintiff's First Amended Complaint is sufficiently clear to permit Defendants to draft a responsive pleading. Plaintiff has alleged that Defendants have directly infringed Plaintiff's HYGIENE HAND trademark. Plaintiff has alleged that Defendants have contributorily infringed Plaintiff's HYGIENE HAND trademark through numerous third-party sellers. The allegations in the complaint are clear and concise. Therefore, Defendants' motion for a more definitive statement should be denied.

## VI. Conclusion

For the reasons set forth herein, Plaintiff respectfully requests that Defendants' motion to dismiss is denied in its entirety.


Respectfully Submitted,

Dated: June 7, 2021                                          By: _____/s/ Kevin Keener_____
                                                                                Kevin J. Keener
                                                                                DC # 6296898
                                                                                Keener & Associates, P.C.
                                                                                161 N. Clark Street, Suite #1600
                                                                                Chicago, IL 60601
                                                                                (312) 375-1573
                                                                                kevin.keener@keenerlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2021, the PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS and supporting documents were filed with the CM/ECF system.

By: /s/ Kevin Keener<br>
Kevin J. Keener<br>
ARDC # 6296898<br>
Keener & Associates, P.C.<br>
161 N. Clark Street, Suite #1600<br>
Chicago, IL 60601<br>
(312) 523-2164<br>
kevin.keener@keenerlegal.com