**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**MAGENAV, INC.,**

      **Plaintiff,**                        **CASE NO.: 21-cv-01742**

**v.**

                                         **Judge: Hon. Thomas M. Durkin**

**SEVENSELLERS, INC., d/b/a**         **Magistrate: Hon. Gabriel A. Fuentes**
**MEGA DEALS AND SAVINGS, and**

**SEVENSHOPPER, INC.,**
_____/

<u>**DEFENDANT, SEVENSHOPPER, INC.'S REPLY TO OPPOSITION TO MOTION TO**</u>
<u>**DISMISS AND FOR RULE 56 SUMMARY JUDGMENT OF NON-INFRINGEMENT**</u>

I. <u>**INTRODUCTION.**</u>


    Defendant has moved for dismissal on several grounds, namely jurisdictional issues, venue,

and for a finding on non-infringement as a matter of law pursuant to Rule 56. Neither party

resides in Illinois, as Plaintiff resides in New York, and Defendant resides in Delaware. There

has been only one singular sale into Illinois by Defendant, and Plaintiff's forum shopping is

obvious.

    The Amended Complaint makes no mention or reference to Defendant's usage of any

allegedly infringing trademark, and merely makes blanket allegations of infringement without

any specification. (DE 7, §15-24, and Ex. 1). The Amended Complaint is so devoid of specific

allegations of infringement that Defendant is left to guess, and thus, has provided the Court with

its actual use, with supporting Declaration, and that use cannot possible be interpreted to be

infringing. (Motion, DE 14, Ex. 3).

Importantly, Defendant is the owner of 4 U.S. Trademark Registrations for NESTFORIA, for "hygiene" related products, namely, disposable gloves, protective clothing, antibacterial alcohol skin gel, and kitchen containers.  (Ex. A, hereto, composite 4 registrations for NESTFORIA).

The only use Defendants have made of the phrase "HYGIENE HANDS" is as part of a generic expression, namely:



Specifically, the NESTFORIA portion of the advertisement is the dominant part, and the use of Defendant's 4 registered marks, negates any possible perception of a likelihood of confusion, the standard in trademark cases.

Lastly, Plaintiff has failed to offer any evidence in opposition to Defendant's Motion and Exhibit, and specifically, Defendant's proffer of its purported "trademark" usage of the words HYGIENE HANDS (DE 12, Ex. 3), and have not offered any evidence or Declaration to counter Defendant's Rule 56 Motion, and thus, it is conceded.  The use is merely in an ordinary course,

and as discussed below, subject to summary judgment under 7th Circuit law. (See, <u>Sorensen v. WD 40</u>, 792 F.3d 712 (7th Cir. 2015)).  Descriptive words used in an ordinary course cannot be deemed trademark use, or worthy of an infringement claim.  (<u>Id</u>.).

## II.  <u>THE COURT SHOULD NOT EXERCISE JURISDICTION OVER DEFENDANT.</u>

The briefs state the often cited standard of law applicable to a finding of personal, or general, jurisdiction.  The Court, in applying the facts to the law should note that neither party resides in Illinois or otherwise has an office or location in Illinois.  Plaintiff, a New York corporation with no office in Illinois, selected Illinois, though Defendant resides in Delaware.  Plaintiff has not established that Defendant otherwise resides in or has a place of business in Illinois.  If not for Defendant admitting that it made **_one_** sale in Illinois, there would be absolutely no factual basis for an Illinois court to exercise jurisdiction.  Thus, on these facts, and relying on the residences of the litigants, Illinois need not use it judicial resources for such a foreign dispute.

The Amended Complaint fails to make any requisite basis for Illinois jurisdiction.

## III.  <u>THE COURT HAS AUTHORITY TO ENTER A RULE 56 SUMMARY JUDGMENT OF NON-INFRINGEMENT.</u>

In an effort to eliminate unnecessary litigation, and to free the docket from unneeded and baseless litigation, Defendant has moved for Rule 56 judgment of non-infringement.  As for grounds, Defendant has produced evidence of its use, and it has not been countered by Plaintiff with any evidence or supporting Declarations.   Plaintiff hasn't even indulged the Court with **_any_** proof or evidence of how the allegedly infringing 'HYGIENE HAND" mark is being infringed.  Instead, Plaintiff filed an Amended Complaint, with cookie cutter language, wholly lacking in

substance or proper allegations, and the Amended Complaint includes no exhibits by which the Court can interpret the claims. Instead, Defendant did so, and produced evidence, and a Declaration, in support of exactly how the goods are sold on Amazon, and how the generic usage of the words "hygiene" and "hands" is used, and only used with Defendant's "NESTFORIA" U.S. Registered trademarks. (Ex. A, hereto, copies of Defendant's 4 U.S. Registrations for NESTFORIA).

The Amended Complaint goes so far as to accuse Defendant of counterfeiting, which is the worst form of a trademark infringement allegation, as it is tantamount to allegations of criminality. The Amended Complaint offers the Court zero evidence, no exhibits, and certainly, no evidence of counterfeiting. Any examination of the Amended Complaint must conclude that at a minimum, it lacks the required specificity to even place Defendant on notice of what is alleged.

Importantly, Plaintiff, owner of the trademark HYGIENE HAND, was forced to disclaim the part "HYGIENE" portion of its mark, as the term is descriptive on the goods sold by Plaintiff (and Defendant for that matter).

## HYGIENE HAND

| | |
|---|---|
| **Word Mark** | HYGIENE HAND |
| **Goods and Services** | IC 008. US 023 028 044. G & S: Multi-function, non-electronic hand tools and non-powered utility hand tools, namely, tools made of brass featuring push-pull and hook attachments that enable users to open do and use publicly shared surfaces in a sanitary manner that can be attached to a keychain. FIRST USE: 20200515. FIRST USE IN COMMERCE: 20200515 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88852550 |
| **Filing Date** | March 30, 2020 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | July 28, 2020 |
| **Registration Number** | 6230050 |
| **Registration Date** | December 22, 2020 |
| **Owner** | (REGISTRANT) Magenav, Inc. DBA StatGear CORPORATION NEW YORK 488 Bell St. West Hempstead NEW YORK 11552 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HYGIENE" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

The USPTO records evidence that Plaintiff's mark contains that disclaimer.



Below is the Office Action Response filed by Plaintiff accepting the disclaimer as part of its mark. (Composite Ex. B, from USPTO website).



Where marks are barely similar, it is appropriate to award summary judgment and a finding of non-infringement from disclaimed portions of a trademark. The mark "CAPSULE" for cell phone cases, after being disclaimed in a trademark registration, is weak. Uncommon, LLC. v. Spigen, Inc., 926 F.3d 409 (7th Cir. 2019).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, which can be done merely by pointing out that there is an absence of evidence to support the non-moving party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). The nonmoving party then has the burden of coming forward with "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), by "a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Id</u>. at 322, 106 S.Ct. at 2552.

This is an action for trademark infringement, unfair competition, and related claims under the Lanham Act and state common law. Defendant filed a Motion to Dismiss Pursuant to FED.R.CIV.P. Rule 12(b)(6). Defendants included facts not alleged in the Complaint and citations to numerous documents. FED.R.CIV.P. Rule 12(d) states that, "[i]f, on a motion under <u>Rule 12(b)(6)</u> or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to that motion." <u>Id</u>. Accordingly, converting Defendants' Motion into one for summary judgment after giving Plaintiff an opportunity to respond with its evidence is appropriate. <u>3700 Associates, Llc. v. Griffin</u>, (Case No. 08-80158-CIV-MIDDLEBROOKS/JOHNSON (S.D. Fla. Oct. 6, 2008).

The Seventh Circuit affirmed a very similar case into summary judgment. Under 15 U.S.C § 1115(b)(4), a defendant in a trademark infringement action may invoke a fair use defense by demonstrating that the alleged infringement "is a use, other than as a mark…which is descriptive of and used fairly and in good faith only to describe the goods or services of such

party." To prevail on a fair use defense, a defendant must show that (1) it did not use the mark as a trademark; (2) the use is descriptive of its goods or services; and (3) it used the mark fairly and in good faith. Sorensen v. WD40 Company, 792 F.3d 712, 723 (7th Cir. 2015).

In Sorensen, the district court found that the word "inhibitor" did not function as a source indicator because the Long-Term Corrosion Inhibitor bottle also displayed the famous WD-40 shield mark, which served as a source indicator for customers. The Seventh Circuit ultimately agreed that WD-40's use of the word "inhibitor" was a non-trademark use. The Court affirmed the finding that the term "indicator" described a characteristic of the product. The word "inhibitor" following the word "corrosion" described a characteristic of WD-40's product, which contained VCI and was meant to inhibit corrosion for a long period of time. Multiple competing products made by third parties also used the word "inhibitor" to describe their products. Finally, the Court found that WD-40 had used the term "inhibitor" in good faith.

In this case, the use of the word "HYGIENE" and "HAND" are equally descriptive. "HYGIENE" serves the very purpose of the goods, namely, touchless door opening devices. "HAND" merely refers to not having to touch the door with your "hands." Importantly, Defendant, at all times, uses its own U.S. Registered NESTFORIA trademarks predominantly with the descriptive words, compelling evidence supporting a fair use of the words, and further mitigating against a likelihood of confusion.

If the holder of a strong mark puts its mark on one of its products, consumers would correctly surmise the source of the product. Sorensen v. WD40 Company, 792 F.3d 712 (7th Cir. 2015).

<u>A. Descriptive fair use</u>

The district court found that no reasonable jury could conclude that WD–40 is liable for infringing Sorensen's THE INHIBITOR word mark because WD–40's use of the word "inhibitor" in the name of its Long–Term Corrosion Inhibitor is a descriptive fair use of the word. Under <u>15 U.S.C. § 1115(b)(4),</u> a defendant in a trademark infringement action may invoke the fair use defense by demonstrating that the alleged infringement "is a use, otherwise than as a mark ... which is descriptive of and used fairly and in good faith only to describe the goods or services of such party." This defense "is based on the principle that no one should be able to appropriate descriptive language through trademark registration." <u>Packman v. Chi. Tribune Co.,</u> <u>267 F.3d 628, 639</u> (7th Cir.2001). The hypothetical producer of "Crunchy" brand potato chips, for example, cannot block its competitors from describing their chips as crunchy. It may, though, be able to block its competitors from selling chips that are branded "Crunchy."

To prevail on a fair use defense, a defendant must show that: (1) it did not use the mark as a trademark; (2) the use is descriptive of its goods or services; and (3) it used the mark fairly and in good faith. Id. The fair use defense is available even against federally registered trademarks that are incontestable, such as Sorensen's THE INHIBITOR mark. <u>Sunmark, Inc. v. Ocean Spray Cranberries, Inc</u>., <u>64 F.3d 1055, 1058</u> (7th Cir.1995).

i. Non-trademark use

"A word or phrase functions as a trademark when it is used by a source of a product to identify itself to the public as the source of its product and to create in the public consciousness an

awareness of the uniqueness of the source and of its products." <u>Sands, Taylor & Wood Co. v. Quaker Oats Co.</u>, <u>978 F.2d 947, 953</u> (7th Cir.1992) .

In finding that there was no genuine factual dispute that WD–40's use of "inhibitor" was a non-trademark use, the district court reasoned that the word could not function as a source indicator because the Long–Term Corrosion Inhibitor bottle also displays the famous WD–40 shield, and it is the shield that serves as the source indicator for customers.

Due to the word' size, plain color, and non-privileged placement on the advertisement, it should be found that "HYGIENE" and "HANDS" are not an "attention-getting symbol," and do not function as a source indicator. <i>See</i> <u>Sands, Taylor & Wood Co.</u>, <u>978 F.2d at 954</u> (quoting 1 <i>McCarthy</i>, <i>supra</i> § 11:17, at 476 (1991 Supp.)).

ii. Descriptive of the product

A descriptive term ordinarily names a characteristic of a product or service. <u>H–D Mich., Inc. v. Top Quality Serv., Inc.</u>, <u>496 F.3d 755, 759</u> (7th Cir.2007).  In Sorensen, the word "inhibitor," following the word "corrosion," describing a characteristic of WD–40's product, which contains VCI and is meant to inhibit corrosion for a long period of time.   Here, the words HYGIENE and HAND are merely used in the ordinary context intended, to describe that the device is for hygiene and touchless.

Citing mostly from <u>Sorensen</u>, which is a case on point, Defendant has provided the Court with a compelling case of non-infringement, worthy of summary judgment as a matter of law.

**IV.<u>CONCLUSION</u>.**

This case does not belong in Illinois. Neither party resides here, nor do either have a residence or office here. There has been no damage caused in Illinois, and the only connection to Illinois is one admitted sale by Defendant. This case should be dismissed, or transferred.

Secondly, and dispositive, is that Defendant is entitled to a Rule 56 summary judgment finding. Defendant moved for a Rule 56 finding and Plaintiff has made no effort to counter the evidence and declarations produced by Defendant.

Plaintiff has failed to even offer the Court any explanation, exhibit, or example of how Defendant's use of the words HYGIENE and/or HANDS is either a trademark usage, or that it may be evidence of allegations of infringement. Plaintiff's Amended Complaint does not even proffer an example of usage, let alone an example of an infringing use.

Instead, Defendant included exactly how it uses the terms, and produced evidence and a Declaration in support. Plaintiff has countered with no evidence or Declaration in opposition, thus the Rule 56 issue is conceded.

Defendant respectfully requests entry of an Order dismissing this case, and a Rule 56 Order granting summary Judgment.

/s/Cory Rosenbaum
Rosenbaum, Famularo & Segall, P.C.
138A East Park Avenue
Long Beach, New York 11561
212.321.5080
cjr@amazonsellerslawyer.com