UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAGENAV, INC., | |
| Plaintiff, | No. 21 C 1742 |
| v. | Judge Thomas M. Durkin |
| SEVENSELLERS, INC. d/b/a MEGA DEALS & SAVINGS; and SEVENSHOPPER, INC., | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Magenav alleges that Defendants sell counterfeit versions of Magenav's product. Defendants have moved to dismiss for lack of personal jurisdiction or improper venue. R. 12. The personal jurisdiction motion is granted.

LEGAL STANDARD

"A complaint need not include facts alleging personal jurisdiction. However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. SanofiSynthelabo*, S.A., 338 F.3d 773, 782 (7th Cir. 2003). The court must read the complaint "liberally, in its entirety, and with every inference drawn in favor" of the plaintiff to determine whether it has set forth a prima facie case for personal jurisdiction." *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877-78 (7th Cir. 2006). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff

must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783.

## Analysis

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014). The exercise of specific jurisdiction "must also comport with traditional notions of fair play and substantial justice." *N. Grain*, 743 F.3d at 492. In general, "[t]he defendant's conduct and connection with the forum state must be substantial enough to make it reasonable for the defendant to anticipate that [it] could be haled into court there." *Id.* The "constitutional touchstone" in this analysis is "whether the defendant purposefully established 'minimum contacts'" in the relevant forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

The only allegation Magenav makes about Defendants' contact with Illinois is that Defendants use their Amazon storefront webpage to "target consumers in the United States, including the State of Illinois, and [have] offered to sell and, on information and belief, has sold and continues to sell counterfeit and/or infringing products." R. 7 ¶ 5. Defendants' CEO submitted a declaration with Defendants' motion stating that he "reviewed the sales history for the product in question and determined that [Defendants] sold precisely one item to a party in Chicago, Illinois." R. 12-1 ¶ 11. Magenav does not contest the veracity of this assertion regarding the

number of Defendants' sales in Illinois. Magenav argues that the single "sale to a buyer in Illinois is sufficient to confer personal jurisdiction." R. 14 at 2.

Federal courts "have for decades steered away from the question of whether a single sale is enough to satisfy the requirements of due process." *Red Earth LLC v. United States*, 657 F.3d 138, 145 (2d Cir. 2011). The Supreme Court has never found "that a single isolated sale . . . is sufficient." *J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873, 888 (2011) (Breyer, J., concurring). Nor has it held that a single sale into a state is insufficient for due process purposes, although its "previous holdings suggest" as much. *Id.*

But the question of whether a single sale is sufficient distracts from the real question which is whether the defendant has a "substantial connection with the forum." *Burger King*, 471 U.S. at 476 n.18. A "single act" can support jurisdiction. *See id.*; *see also In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 589 (5th Cir. 2014) ("[E]ven a single contact may be sufficient to create jurisdiction when the cause of action arises out of that . . . contact, provided that the principle of 'fair play and substantial justice' is not thereby offended."). For instance, in *McGee v. International Life Insurance Company* the Supreme Court held that a single insurance contract established personal jurisdiction. *See* 355 U.S. 220, 222 (1957). But the contract required ongoing obligations that connected the defendant with the forum state. *Id.* at 223 ("The contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died. It cannot be denied that California has a manifest interest in providing effective means

3

of redress for its residents when their insurers refuse to pay claims."). By contrast, the Federal Circuit held that a defendant's single sale of a product in response to an "unsolicited mail-order request," along with a few telephone conversations with the customer, did not establish a substantial connection with the forum. *See Katz v. Ladd Unif. Co.*, 1992 WL 162545 (Fed. Cir. July 15, 1992). More recently, the Ninth Circuit held that a single eBay sale was insufficient to establish personal jurisdiction over the seller in the forum where the customer resided. *See Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008) ("This was a one-time contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no 'substantial connection' or ongoing obligations there."). And at least two courts in this district have found that a single sale to an Illinois customer through a website was insufficient to establish personal jurisdiction over the out-of-state seller. *See Seven Oaks Millwork Inc. v. Royal Foam US, LLC*, 2019 WL 6827641, at *4 (N.D. Ill. Dec. 13, 2019); *Original Creations, Inc. v. Ready Am., Inc.*, 836 F. Supp. 2d 711, 716 (N.D. Ill. 2011).

    One sale in Illinois simply does not show that Defendants targeted Illinois customers. Certainly, operating a website accessible in Illinois makes it likely that sales to Illinois customers will occur. But this is an inescapable fact of operating a generally accessible website. And the Seventh Circuit has cautioned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Illinois v.*

4

*Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010); *see also be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market. If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."). Magenav has not alleged that Defendants have any other contact with Illinois beyond the one sale. Without more, the Court cannot say that Defendants "targeted" Illinois and should have anticipated the possibility of being sued here.

## Conclusion

Therefore, Defendants' motion to dismiss for lack of personal jurisdiction [12] is granted and Magenav's claims are dismissed without prejudice. If Magenav believes it can cure the deficiencies described by this opinion, Magenav may not immediately file an amended complaint. Rather, it may file a motion for leave to file an amended complaint. The motion should be accompanied by a brief of no more than five pages explaining the amendments, and attaching a redlined proposed amended complaint. Any such motion must be filed by April 1, 2022. Magenav should contact the Courtroom Deputy by March 17, 2022, to inform the Court whether it intends to file such a motion or whether the case can be closed.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: March 10, 2022